1  K. Randolph Moore, Esq. SBN 106933
   MOORE LAW FIRM, P.C.
2  332 N. Second Street
   San Jose, CA 95112
3  Telephone (408) 271-6600
   Facsimile (408) 298-6046

4
   Attorneys for Plaintiff
5  Theresa Wallen

Filed

JUL 2 9 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

E-FILING

6
7
8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

CV10-03341

10  THERESA WALLEN,                    )  No.
                                       )
11              Plaintiff,             )  **Plaintiff's Complaint**
                                       )
12         vs.                         )
                                       )
13  HARRY YOO dba KAMAKURA            )
    SUSHI AND SAKE HOUSE;             )  CV10-03341
14  BASSEM R. SIRHED, TRUSTEE OF      )
    THE BASSEM R. SIRHED TRUST OF     )
15  2001,                             )  PVT
                                       )
16                                     )
                Defendants.            )
17
18
19                    I.      SUMMARY

20         1.     This is a civil rights action by plaintiff Theresa Wallen ("Wallen")

21  for discrimination at the building, structure, facility, complex, property, land,

22  development, and/or surrounding business complex known as:

23  Kamakura Sushi and Saki House

24  135 N. Santa Cruz Ave.
    Los Gatos, California
25  (hereafter "the Restaurant")

26
27         2.     Wallen seeks damages, injunctive and declaratory relief, attorney fees and

28  costs, against HARRY YOO dba KAMAKURA SUSHI AND SAKE HOUSE;

    *Wallen v. Harry Yoo, et al*

    Plaintiff's Complaint

1  BASSEM R. SIRHED, TRUSTEE OF THE BASSEM R. SIRHED TRUST OF
2  2001, (referred hereinafter collectively as "Defendants") pursuant to the
3  Americans with Disabilities Act of 1990, (42 U.S.C. §§ 12101 et seq.) and related
4  California statutes.

## II.   JURISDICTION

6  3.   This Court has original jurisdiction under 28 U.S.C. §§ 1331 and
7  1343 for ADA claims.

8  4.   Supplemental jurisdiction for claims brought under parallel
9  California law – arising from the same nucleus of operative facts – is predicated
10  on 28 U.S.C. § 1367.

11  5.   Wallen's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.   VENUE

13  6.   All actions complained of herein take place within the jurisdiction
14  of the United States District Court, Northern District of California, and venue is
15  invoked pursuant to 28 U.S.C. § 1391(b),(c).

## IV.   PARTIES

17  7.   Defendants own, operate, and/or lease the Restaurant, and consist
18  of a person (or persons), firm, and/or corporation.

19  8.   Wallen is legally blind, suffers from a damaged nervous system in
20  her legs impeding her ability to walk and requires use of a wheelchair when
21  traveling about in public.  Consequently, Wallen is "physically disabled," as
22  defined by all applicable California and United States laws, and a member of
23  the public whose rights are protected by these laws.

## V.   FACTS

25  9.   The Restaurant is a public accommodation facility serving food
26  and drink, open to the public, which is intended for nonresidential use and
27  whose operation affects commerce.

28

*Wallen v. Harry Yoo, et al*

Plaintiff's Complaint

10.     Wallen visited the Restaurant and encountered barriers (both physical and intangible) that interfered with – if not outright denied – her ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility.   To the extent known by Wallen, the barriers at the Restaurant included, but are not limited to, the following:

1) A warning sign regarding the penalty for unauthorized use of designated disabled parking spaces is not posted conspicuously at EACH entrance to the off-street parking facilities;

2) Each warning sign does not state: "UNAUTHORIZED VEHICLES PARKED IN DESIGNATED ACCESSIBLE SPACES NOT DISPLAYING DISTINGUISHING PLACARDS OR SPECIAL LICENSE PLATES ISSUED FOR PERSONS WITH DISABILITIES WILL BE TOWED AWAY AT OWNER'S EXPENSE.  TOWED VEHICLES MAY BE RECLAIMED AT (Address) OR BY TELEPHONING (Phone Number); Signs are not black on white.

3) The phone number or address where towed vehicles can be reclaimed is not posted in the appropriate section on the sign and is not a permanent part of the sign;

4) The size of the lettering on the sign is less than 1" in height;

5) The correct number of standard accessible and van-accessible parking stalls is not provided on the site;

6) Parking spaces are not located on the shortest accessible route of travel from adjacent parking to the accessible entrance;

7) Accessible parking space access aisles are not part of an accessible route of travel to the building or facility;

8) Accessible parking spaces are located such as they compel users to travel behind parked cars other than their own;

*Wallen v. Harry Yoo, et al*

Plaintiff's Complaint

9) Surface of the parking spaces and access aisles exceeds 1:50 gradient (2.0%) in any direction;

10)     Parking space is less than 18' long;

11)     Each parking space reserved for persons with disabilities is not identified by a correct reflectorized sign permanently posted immediately adjacent to and visible from each stall or space, consisting of a profile view of the International Symbol of Accessibility in white on a dark blue background;

12)     The sign is not located where there is an unobstructed view of the sign from the parking space;

13)     Van accessible parking space does not have an additional sign stating "Van Accessible" mounted below the Symbol of Accessibility;

14)     An additional sign below the symbol of accessibility does not state "Minimum Fine $250.00";

15)     The surface of each accessible parking pace does not have a surface identification duplicating either of the following schemes:

    a. By outlining or painting the stall or space in blue and outlining on the ground in the stall or space in white or suitable contrasting color a profile view depicting a wheelchair with occupant;

    b. By outlining a profile view of a wheelchair with occupant in white on blue background.  The profile view shall be located so that it is visible to a traffic enforcement officer when a vehicle is properly parked in the space and shall be 36" high by 36" wide;

16)     The words "NO PARKING" are not visible to traffic enforcement officials;

17)     There is no accessible route provided within the boundary of the site to an accessible building entrances from:

    a. Accessible parking spaces;

*Wallen v. Harry Yoo, et al*

Plaintiff's Complaint

b. Accessible passenger loading zones;

18)     Signage containing the International Symbol of Accessibility is not located at every primary public entrance and at every major exterior junction where the accessible route of travel diverges from the regular circulation path along or leading to an accessible route of travel;

19)     Single accommodation toilet does not provide one accessible water closet and one accessible lavatory;

20)     The entrance door to a single accommodation toilet room does not contain an accessible privacy latch (push button-lever release recommended);

21)     The entrance door to the single-accommodation restroom is not accessible;

22)     Doormats are not adequately anchored to prevent interference with wheelchair traffic;

23)     Handles, pulls latches, locks and other operating devices on accessible doors shall have a shape that is easy to grasp with one hand and does not require tight grasping, tight pinching or twisting of the wrist to operate;

24)     The minimum 32" –wide clear floor space is not provided from the opposite-side wall or partition to the side of the water closet;

25)     The flush valve is on the narrow side of the toilet area;

26)     The toilet paper dispenser is located more than 12" away of the front edge of the toilet seat;

27)     Drain and hot water piping is not insulated or configured to prevent contact;

28)     There are sharp and abrasive elements under lavatory;

29)     Faucets are not lever type;

*Wallen v. Harry Yoo, et al*

Plaintiff's Complaint

30)    Faucet controls and operating mechanisms are not operable with one hand and require tight grasping, pinching or twisting of the wrist;

31)    Sanitary facilities are not displaying signs in a minimum of two locations; one type located on the doorway to the facility, and another type mounted on the wall adjacent to the latch side of the door.

32)    The restroom identification signage is not located on the wall adjacent to the latch side of the door;

33)    There are no truncated domes provided at every connection of accessible route and driveway.

34)    Directional signage to restrooms is not properly posted;

35)    Seating area is not configured for wheelchair accessibility.

These barriers prevented Wallen from enjoying full and equal access.

11.    Wallen was also deterred from visiting the Restaurant because she became aware that the Restaurant's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons. Wallen continues to be deterred from visiting the Restaurant because of the future threats of injury created by these barriers.

12.    Wallen also encountered barriers at the Restaurant, which violate state and federal law, but were unrelated to Wallen's disability. Nothing within this complaint, however, should be construed as an allegation that Wallen is seeking to remove barriers unrelated to Wallen's disability.

13.    Defendants knew that these elements and areas of the Restaurant were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Defendants have the financial resources to remove these barriers from the Restaurant (without much difficulty or expense), and make the Restaurant accessible to the physically disabled. To date, however, Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

*Wallen v. Harry Yoo, et al*

Plaintiff's Complaint

14.   At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Restaurant to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations.  Defendants have not removed such impediments and has not modified the Restaurant to conform to accessibility standards.  Defendants have intentionally maintained the Restaurant in its current condition and has intentionally refrained from altering the Restaurant so that it complies with the accessibility standards.

15.   Wallen further alleges that the (continued) presence of barriers at the restaurant is so obvious as to establish Defendants' discriminatory intent.[1] On information and belief, Wallen avers that evidence of this discriminatory intent includes Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Restaurant; conscientious decision to the architectural layout (as it currently exists) at the Restaurant; decision not to remove barriers from the Restaurant; and allowance that Defendants' property continues to exist in its non-compliance state. Wallen further alleges, on information and belief, that the Restaurant is not in the midst of a remodel, and that the barriers present at the Restaurant are not isolated (or temporary) interruptions in access due to maintenance or repairs.[2]

## VI.   FIRST CLAIM

### Americans with Disabilities Act of 1990

#### Denial of "Full and Equal" Enjoyment and Use

16.   Wallen incorporates the allegations contained in paragraphs 1 through 15 for this claim.

---

[1] E.g., Gunther v. Lin, 144 Cal.App.4th 223, fn.6

[2] Id.; 28 C.F.R. § 36.211(b)

*Wallen v. Harry Yoo, et al*

Plaintiff's Complaint

17. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

18. Defendants discriminated against Wallen by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Restaurant during each visit and each incident of deterrence.

### Failure to Remove Architectural Barriers in an Existing Facility

19. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

20. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

21. Here, Wallen alleges that Defendants can easily remove the architectural barriers at Restaurant without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22. In the alternative, if it was not "readily achievable" for Defendants to remove the Restaurant's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### Failure to Design and Construct and Accessible Facility

*Wallen v. Harry Yoo, et al*

Plaintiff's Complaint

1    23.   On information and belief, the Restaurant was designed and

2 constructed (or both) after January 26, 1992 – independently triggering access

3 requirements under Title III or the ADA.

4    24.   The ADA also prohibits designing and constructing facilities or

5 first occupancy after January 16, 1993, that aren't readily accessible to, and

6 usable by, individuals with disabilities when it was structurally practicable to do

7 so. 42 U.S.C. § 12183(a)(1).

8    25.   Here, Defendants violated the ADA by designing and constructing

9 (or both) the Restaurant in a manner that was not readily accessible to the

10 physically disabled public – including Wallen – when it was structurally

11 practical to do so.[3]

12                    Failure to Make an Altered Facility Accessible

13    26.   On information and belief, the Restaurant was modified after

14 January 26, 1992, independently triggering access requirements under the

15 ADA.

16    27.   The ADA also requires that facilities altered in a manner that

17 affects (or could affect) its usability must be made readily accessible to

18 individuals with disabilities to the maximum extent feasible.   42 U.S.C. §

19 12183(a)(2).   Altering an area that contains a facility's primary function also

20 requires adding making the paths of travel, bathrooms, telephones, and drinking

21 fountains serving that area accessible to the maximum extent feasible. Id.

22    28.   Here, Defendants altered the Restaurant in a manner that violated

23 the ADA and was not readily accessible to the physically disabled public –

24 including Wallen – to the maximum extent feasible.

25                    Failure to Modify Existing Policies and Procedures

26

27 _____

28 [3] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing
this action as a private attorney general under either state of federal statutes.
*Wallen v. Harry Yoo, et al*

Plaintiff's Complaint

29.   The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature.  42 U.S.C. § 12182(b)(2)(A)(ii).

30.   Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Restaurant, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

31.   Wallen seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

32.   Wallen also seeks a finding from this Court (i.e., declaratory relief) that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## VII.   SECOND CLAIM

### Disabled Persons Act

33.   Wallen incorporates the allegations contained in paragraphs 1 through 32 for this claim.

34.   California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

35.   California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

*Wallen v. Harry Yoo, et al*

Plaintiff's Complaint

36. Both sections specifically incorporate (by reference) and individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

37. Here, Defendants discriminated against the physically disabled public – including Wallen – by denying them full and equal access to the Restaurant. Defendants also violated Wallen's rights under the ADA, and therefore, infringed upon or violated (or both) Wallen's rights under the Disabled Persons Act.

38. For each offense of the Disabled Persons Act, Wallen seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

39. Plaintiff also seeks to enjoin Defendants from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## VIII.   THIRD CLAIM
### Unruh Civil Rights Act

40. Wallen incorporates the allegations contained in paragraphs 1 through 32 for this claim.

41. California Civil Code § 51 states, in part, that; All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

42. California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

43. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

*Wallen v. Harry Yoo, et al*

Plaintiff's Complaint

44.     Defendants aforementioned acts and omissions denied the physically disabled public – including Wallen – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

45.     These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Wallen by violating the Unruh Act.

46.     Wallen was damaged by Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

47.     Wallen also seeks to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## IX. FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

48.     Wallen incorporates the allegations contained in paragraphs 1 through 32 of this claim.

49.     Health and Safety Code § 19955(a) states, in part, that:  California public accommodations or facilities (build with private funds) shall adhere to the provisions of Government Code §4450.

50.     Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

51.     Wallen alleges the Restaurant is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Restaurant was not exempt under Health and Safety Code § 19956.

52.     Defendants' non-compliance with these requirements at the Restaurant aggrieved (or potentially aggrieved) Wallen and other persons with

*Wallen v. Harry Yoo, et al*

Plaintiff's Complaint

1    physical disabilities.   Accordingly, she seeks injunctive relief and attorney fees
2    pursuant to Health and Safety Code § 19953.

### X.   PRAYER FOR RELIEF

4    WHEREFORE, Wallen prays judgment against Defendants for:

5       1. Injunctive relief, preventive relief, or any other relief the Court deems
6            proper.

7       2. Declaratory relief that Defendants violated the ADA for the purposes of
8            Unruh Act or Disabled Persons Act damages.

9       3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the
10           California Civil Code (but not both) according to proof.

11      4. Attorneys' fees, litigation expense, and costs of suit.[4]

12      5. Interest at the legal rate from the date of the filing of this action.

13   Dated: July 26, 2010                                    /s/K. Randolph Moore
14                                             K. Randolph Moore
                                          Attorney for Plaintiff

---

[4] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Wallen v. Harry Yoo, et al*

Plaintiff's Complaint